REQUESTED BY: Senator John W. DeCamp Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in reply to your inquiry concerning the new section 14 of LB 113 which provides as follows: `A club or club representative shall not make any reference in any advertising or sales promotional effort to the financial statement of another club filed in accordance with sections 12 and 13 of this act.'
Sections 12 and 13 referred to in the above quote require a motor club to obtain a certificate of authority from the Director of Insurance before it may offer motor club services. To obtain such certificate of authority the motor club must, among other things file with the Department of Insurance a copy of the club's most recent financial statement prepared in accordance with generally accepted accounting principles.
Section 22 of said LB 113 makes it a Class III misdemeanor for any person to willfully violate the provisions of sections 1 to 21 of the act.
You inquire whether the provisions of section 14, set forth above violate the United States or Nebraska Constitutions as being special legislation, denial of freedom of speech or expression, denial of equal protection of the law, or in any other manner.
Section 6 of LB 113 provides in part:
 A club representative shall not be required to be a licensed insurance agent pursuant to Chapter 44 in connection with the sale of accidental injury and death benefits or other insurance covering a motor club service, which may be issued in conjunction with and as a part of a motor club service contract.
Section 7 defines motor club services to include but not limited to the rendering or reimbursement for towing services; emergency road services; emergency travel expense service; theft service, etc.
Neb.Rev.Stat. § 44-102 (Reissue 1978) defines insurance as follows:
 Insurance is a contract whereby one party, called the insurer, for a consideration, undertakes to pay money or its equivalent, or to do an act valuable to another party, called the insured, or to his beneficiary, upon the happening of the hazard or peril insured against whereby the party insured or his beneficiary suffers loss or injury.
Thus it may be seen that motor club contracts as authorized under LB 113 may very well include provisions which would constitute said contracts to be insurance contracts as defined under § 44-102 quoted above.
However, as to insurance companies generally, before being authorized to do business in Nebraska or before its authority is renewed, an insurance company must file an annual financial statement. See, Neb.Rev.Stat. § 44-304, and § 44-322 (Reissue 1978).
Neb.Rev.Stat. § 44-114(8) (Supp. 1980) then provides: `for copies of annual statements, which shall be made available to any person, persons, or corporation making request therefor, the fee shall be the actual cost.'
Obviously these statutes contemplate that the financial statements of insurance companies on file with the Department of Insurance are available to the public, including competitors, and we have found no statutory restrictions on the use thereof such as contained in LB 113 as to the use of motor club financial statements.
In the case of United States Cold Storage Corp. v.Stolinski, 168 Neb. 513, 96 N.W.2d 408 (1959), the constitutionality of a Nebraska statute which required every person in charge of a warehouse where goods, except used household goods, were stored to file a report with the county assessor by a certain date listing information about the stored goods. Such goods were then subjected to taxation. In holding said statute unconstitutional, the Supreme Court of Nebraska stated:
 Used household goods are tangible property subject to taxation in this state. We fail to see any reason for excluding warehouses storing used household goods from the operation of the act. The exemption of such warehouses from the class appears to be wholly arbitrary. . . . The act creates an arbitrary classification of warehousemen upon which the act is to operate. It discriminates against some warehousemen and in favor of others. . . . Exceptions contained in a legislative classification cannot be justified if the discrimination thus made has no reasonable relation to the purposes of the act in which it is found. We find no reasonable basis for excluding warehouses storing used household goods, when the general purposes of the act are considered.
 The act clearly violates that part of Article III, section 18, of the Constitution which provides: `The Legislature shall not pass local or special laws in any of the following cases, that is to say: * * * Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. In all other cases where a general law can be made applicable, no special law shall be enacted.'
It appears to us that in the same manner the new section 14 of LB 113 would discriminate against motor clubs engaged in the insurance business, as defined above, as compared to all other types of insurance. We see no reasonable basis therefor.
We are also of the opinion that said section and its criminal sanction would be difficult to defend under theFourteenth Amendment to the United States Constitution which provides in part: `No state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'
Sincerely, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General